UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                 Case No. 21-cv-20153
v.                                  Hon. Matthew F. Leitman

ROBERT ALLEN BURTON,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE (ECF No. 31)

In May of 2021, Defendant Robert Allen Burton pleaded guilty to distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252(A)(b)(1). (*See* Rule 11 Plea Agreement, ECF No. 19, PageID.66.) On October 18, 2021, the Court sentenced Burton to a term of 180 months' imprisonment, followed by a term of 10 years' supervised release. (*See* Judgment, ECF No. 29, PageID.204-205.) The term of imprisonment the Court imposed was the statutory mandatory minimum penalty. (*See* Rule 11 Plea Agreement, ECF No. 19, PageID.66-67; Final Presentence Investigation Report, ECF No. 26, PageID.149, 159.)

1

Now before the Court is Defendant Robert Allen Burton's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"). (*See* Mot., ECF No. 31.)  The Government filed a response. (*See* Resp., ECF No. 38.)  For the reasons explained below, the Court **DENIES** Burton's motion.

## I

First, as the Government explains in its response, compassionate release is not available to defendants who are serving mandatory minimum sentences and have not yet completed the statutory minimum term. *See United States v. Bricker*, 135 F.4th 427, 447 (6th Cir. 2025) ("§ 3582(c)(1)(A)(i)—which says nothing at all about statutory mandatory minimums—could never empower a court to reduce a sentence below the statutory minimum portion of that sentence").  Because the term of imprisonment the Court imposed on Burton was the statutory mandatory minimum, the Court cannot now reduce Burton's sentence further via the compassionate release statute.

## II

Second, in any event, Burton has not shown that a grant of compassionate release would be appropriate here.  As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).  "But that rule

comes with a few exceptions, one of which permits compassionate release." *Id.*

Section 3582(c)(1)(A) describes when a court may grant a reduction in sentence:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the factors set forth in 18 U.S.C. § 3553(a), "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion [for compassionate release] if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

3

In his motion, Burton does not expressly analyze or apply any of the Section 3553(a) factors that might support a reduction in his sentence.  He also has not given the Court any reason to revisit its initial Section 3553(a) balancing, which is presumed to "remain[] an accurate assessment" absent a "compelling case" otherwise. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021.)   In particular, Burton has not shown that the Court should revisit its analysis of the need for the sentence imposed to protect the public from further crimes committed by Burton. *See* 18 U.S.C. § 3553(a)(2)(C).  As the Government fairly observes in its response, in addition to pleading guilty to distributing child pornography, "[d]uring the police investigation, Burton admitted to sexual assaults on children." (Resp., ECF No. 38, PageID.271 (citing Final Presentence Investigation Report, ECF No. 26, PageID.154).)  Burton "also admitted he had an addiction to child pornography and that he had repeatedly searched for and downloaded child pornography during the time leading up to his arrest." (*Id.*, PageID.271-272.)  Finally, prior to his arrest, Burton conversed with another registered sex offender on the internet and expressed his desire to sexually assault children. (*Id.*, PageID.271.)  The Court continues to be concerned about the threat Burton poses to the public, particularly children, and is not persuaded that a reduction in sentence is warranted on the present motion before it.

4

## III

For these reasons, the Court **DENIES** Burton's motion for compassionate release (ECF No. 31).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 28, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126